per curiam:
Una vez más nos vemos obligados a suspender a un miembro de nuestra profesión por su incumpli-miento con nuestras órdenes. Por los fundamentos que a continuación relataremos, se suspende inmediata e indefi-nidamente al Ledo. Ángel A. Ramírez Ferrer del ejercicio de la abogacía y de la notaría.
I
El Ledo. Ángel A. Ramírez Ferrer fue admitido al ejer-cicio de la abogacía el 13 de enero de 1992 y al ejercicio de la notaría el 27 de enero del mismo año.
Surge del expediente que el licenciado Ramírez Ferrer no cumplió con los requisitos establecidos en el Regla-mento del Programa de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVTI-E, durante el período que cubría del 1 de enero de 2007 al 31 de diciembre de 2008. El 15 de enero de 2009 el Programa de Educación Jurídica Continua (PEJC) *383 le cursó un aviso de incumplimiento. Sin embargo, el licen-ciado Ramírez Ferrer no pagó la cuota por incumplimiento tardío. Cabe mencionar, además, que en estos momentos el licenciado Ramírez Ferrer se encuentra activo como notario.
Así las cosas, el 13 de octubre de 2010 el PEJC le cursó una citación al licenciado Ramírez Ferrer para que asis-tiera a una vista informal el 16 de noviembre de 2010. Se le indicó en la citación que de no acudir a la vista, podía com-parecer por escrito dentro de los diez días siguientes al envío de la notificación. Asimismo, se le notificó que su ausencia o su incomparecencia por escrito se consideraría como una renuncia a expresarse ante el PEJC y se remiti-ría el asunto a nuestra atención.
Pasado el tiempo, el licenciado Ramírez Ferrer no pre-sentó el escrito ni acudió a la vista. Por esa razón, la Leda. Yanis Blanco Santiago, directora ejecutiva del PEJC, nos remitió una Resolución el 15 de febrero de 2011, en la que nos informó que el licenciado Ramírez Ferrer no había cumplido con los requisitos antes indicados.
En vista de lo anterior, el 12 de abril de 2011 concedi-mos al licenciado Ramírez Ferrer un término de veinte días para que mostrara causa por la cual no debía ser sus-pendido del ejercicio de la profesión por incumplir con los requisitos de educación jurídica continua y no contestar los requerimientos de este Tribunal. A su vez, apercibimos al licenciado que el incumplimiento con los términos de la Resolución acarrearía su suspensión inmediata del ejerci-cio de la abogacía. El licenciado Ramírez Ferrer nunca contestó.
Por esa razón, y con el ánimo de darle otra oportunidad al licenciado Ramírez Ferrer, el 20 de junio de 2011 le con-cedimos un término adicional de veinte días para que cum-pliera con nuestra Resolución. Una vez más le advertimos que su incumplimiento podría dar origen a sanciones dis-ciplinarias y a su suspensión inmediata del ejercicio de la *384 abogacía. Ordenamos la notificación personal de esa orden. Sin embargo, al día de hoy, aún el licenciado Ramírez Fe-rrer no ha comparecido ante este Tribunal.
I — I l-H
Como es sabido, el Canon 9 del Código de Ética Profe-sional, 4 L.P.R.A. Ap. EX, dispone que todo abogado deberá observar hacia los tribunales urna conducta que se caracte-rice por el mayor respeto y diligencia. Es fácil comprender la razón de tal exigencia: “La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional.” In re Fernández Amy, 180 D.P.R. 158, 160 (2010). Véase, además, In re García Incera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2005). Esto es así para mante-ner “[l]a buena marcha del proceso judicial del país”. Criterio General del Canon 9 del Código de Ética Profesio-nal, 4 L.P.R.A. Ap. IX.
Por estas razones, “hemos advertido que procede la sus-pensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos”. In re Vellón Reyes, 181 D.P.R. 927, 932 (2011). Véanse, además: In re García Incera, supra; In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
HH I — i 1 — I
Cada día nos asombra más cómo, a pesar de las múlti-ples ocasiones en las que hemos acentuado la importancia del cumplimiento con las órdenes de este Tribunal, aún hay miembros de la profesión que las ignoran. Parecería que para muchos abogados, el Canon 9 del Código de Etica Profesional, supra, ha sido eliminado de este cuerpo de normas.
*385 Como se desprende del caso que nos ocupa, el licenciado Ramírez Ferrer exhibe una actitud de desprecio e indife-rencia, no solo con las órdenes de este Tribunal, sino con las que le hiciera el PEJC en el pasado. A pesar de las prórrogas concedidas, el licenciado Ramírez Ferrer no se ha molestado en contestar. Tal actitud nos obliga a concluir que no tiene interés en ejercer la profesión.
Por todo ello, nos vemos obligados a ordenar la suspen-sión inmediata e indefinida del Ledo. Angel A. Ramírez Ferrer del ejercicio de la abogacía y de la notaría. El licen-ciado Ramírez Ferrer tiene el deber de notificar a sus clien-tes, si alguno, de su inhabilidad para continuar con su re-presentación y deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por tra-bajos no rendidos. Además, tiene el deber de informar opor-tunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión y Sentencia.
El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Ledo. Angel A. Ramírez Ferrer, inclu-yendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías para el examen correspondiente e informe a este Tribunal.
Notifíquese personalmente esta Opinión al Ledo. Angel A. Ramírez Ferrer por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco no intervino.